# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 22-1465V
UNPUBLISHED

| | |
|---|---|
| CECIL TERRY, | |
|                  Petitioner, | Chief Special Master Corcoran |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: December 5, 2024 |
|                  Respondent. | |

*Timothy J. Manchin, Manchin Injury Law Group, PLLC, Fairmont, WV, for Petitioner.*

*Adam Nemeth Muffet, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING PETITION[1]

On October 7, 2022, Cecil Terry filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on October 15, 2020. Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

## I.    Procedural Background

On February 6, 2024, Respondent filed his Rule 4(c) Report recommending that compensation be denied in this case, since many Table SIRVA elements allegedly cannot be met. ECF No. 25. Respondent asserts, among other things, that Petitioner's pain and

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

reduced range of motion were not limited to his left shoulder. *Id*. at 12. He further notes seven different instances in the record where Petitioner complained of pain outside the shoulder, including Petitioner's own admission of pain outside his shoulder which he details in his affidavit. *Id*. And Respondent argues that there are "other conditions or abnormalities are present that would explain petitioner's symptoms." *Id.* Petitioner was diagnosed with a host of conditions, including pain in cervical spine, cervicalgia, cervical spondylosis, cervical radiculopathy, and cervical degenerative disc disease. *Id*.

In light of the issues raised by Respondent, and after a preliminary review of Petitioner's medical records, I stated in an Order to Show Cause (ECF No. 26) that I intended to ultimately reassign this case from SPU, as I expected that Petitioner could not successfully establish a Table claim. At a *minimum*, the existing record suggested that Petitioner would not be able to establish that he suffered a Table SIRVA injury, given that his post-vaccination arm pain was not limited to his shoulder, and that he had been diagnosed with a host of cervical conditions that may explain his shoulder injury. *See* Respondent's Report at 12. But I was prepared to transfer the matter out of SPU so that a causation-in-fact claim based on the same record could be explored.

The Order to Show Cause was issued on April 17, 2024, and afforded Petitioner a final opportunity to marshal evidence in support of the claim. ECF No. 26. Petitioner was ordered to file a Response to the Order to Show Cause by June 3, 2024. To date, however, Petitioner has not complied with this order and there has been no further docket activity on this case.

## II.    Petitioner Cannot Meet the SIRVA Table Elements

The most recent version of the Table, which can be found at 42 C.F.R. § 100.3, identifies the vaccines covered under the Program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination. Section 14(a). Pursuant to the Vaccine Injury Table, a SIRVA is compensable if it manifests within 48 hours of the administration of a flu vaccine. 42 C.F. R. § 100.3(a)(XIV)(B). The criteria establishing a SIRVA under the accompanying Qualifications and Aids to Interpretation ("QAI") are as follows:

> Shoulder injury related to vaccine administration (SIRVA). SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the

shoulder (e.g. tendons, ligaments, bursae, etc.). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction studies (NCS) and/or electromyographic (EMG) studies would not support SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

(i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;

(ii) Pain occurs within the specified time frame;

(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and

(iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10).

Respondent has argued that from his initial presentation on November 20, 2020, Petitioner reported his arm as "get[ting] swollen at times" and symptoms "spread[ing] to his chest and back." Ex. 4 at 1. *See, e.g.*, Ex. 5 at 44 (reporting that after vaccination he developed left shoulder pain *radiating into his neck*); Ex. 6 at 1 (describing his pain as generally *all over from his neck down to his arm*); Ex. 7 at 5 (reporting left upper extremity pain *and neck pain* after vaccination); Ex. 8 at 48 (reporting *pain in the neck and left shoulder that radiated into arm*). In Petitioner's own affidavit, he also described pain outside the shoulder; he reported symptoms of "left shoulder and neck pain, [and] radiating pain into [his] neck and left arm." Ex. 9 at 1. These symptoms simply are not consistent with SIRVA. And despite due opportunity, Petitioner has offered no additional evidence to substantiate these matters. Petitioner therefore cannot establish a Table SIRVA claim.

## III.    Petitioner Has Failed to Prosecute this Claim

An additional ground for dismissal herein arises from Petitioner's general failure to prosecute this matter. It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with

counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the April 17, 2024 Order to Show Cause that he risked dismissal of the claim. I ultimately set a final deadline to act by June 3, 2024. But Petitioner failed to file any response.

## Conclusion

To date, and despite ample opportunity, Petitioner has failed to provide preponderant evidence that he suffered a Table SIRVA injury. He has also failed to respond to the Order to Show Cause issued on April 17, 2024. Accordingly, this case is DISMISSED for failure to prosecute and insufficient proof. The Clerk of Court shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.